# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SB IP Holdings LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | Civil Action No. 4:21-CV-00912 |
| VIVINT SMART HOME, INC., § | Judge Mazzant |
| § | |
| *Defendant* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's 12(b)(2) Motion to Dismiss (Dkt. #6). In Plaintiff's Response (Dkt. #11), the Plaintiff requests jurisdictional discovery if any doubt exists as to the jurisdiction over Defendant. Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's request for jurisdictional discovery should be **GRANTED.**

### BACKGROUND

This case arises out of a patent dispute between Plaintiff SB IP Holdings LLC ("SBIP") and Defendant Vivint Smart Home, Inc. ("VSH"). SBIP's parent company is "in the business of providing leading video doorbell and wireless security solutions," and SBIP "owns the right to assert and seek damages on a number of patents related to entryway management . . . including inventions related to video doorbell technology" (Dkt. #1 ¶ 4). SBIP alleges VSH has infringed on SBIP's patents (Dkt. #1 ¶¶ 9, 27). On November 17, 2020, SBIP first filed suit against VSH in this district to enforce its patent rights, which case is currently pending before the Court.[1] In that case, VSH "admit[ted] that is subject to the personal jurisdiction of the Court" (Dkt. #34 ¶ 9) and

---

[1] Case No. 4:20-cv-00886.

declared that "[v]enue is proper in this district under 28 U.S.C. § 1400(b)" (Dkt. #34 ¶ 10). However, in the instant case, VSH asserts that it is not subject to the Court's exercise of personal jurisdiction and that venue is improper (Dkt. #6 at p. 6).[2] Additionally, VSH avers it is merely a holding company and, as such, "does not carry on any business activities other than holding ownership interests in other entities, [carrying] on absolutely no business in Texas" (Dkt. #6 at pp. 5–6). VSH also affirms that, prior to its filing the instant suit, SBIP was on notice that VSH was the wrong entity and that Vivint, Inc. should have instead been named the defendant (Dkt. #6 at p. 11).

On February 1, 2022, SBIP filed a response to VSH's motion to dismiss, requesting jurisdictional discovery in the event there is any doubt as to jurisdiction over VSH (Dkt. #11). Specifically, SBIP seeks to conduct discovery "for the limited purposes of determining whether the Court has personal jurisdiction over VSH, whether venue is proper in this District, and the parent/subsidiary relationship between VSH and [Vivint], Inc" (Dkt. #11 at p. 16). SBIP also urges that jurisdictional discovery will aid in determining "whether VSH has the requisite contacts within this District or whether the contacts of Vivint, Inc. may be imputed to VSH under agency or alter ego principles" (Dkt. # 15 at p. 11). On February 9, 2022, VSH filed a reply, arguing that SBIP's request "is a futile attempt at a speculative fishing expedition that should be denied" (Dkt. #14 at p. 9). On February 16, 2022, SBIP filed a sur-reply, asserting that discovery is necessary "to determine the full extent of VSH's contacts in the state of Texas and its relationship with Vivint, Inc., its wholly owned subsidiary that VSH now claims is responsible for the business within this District" (Dkt. #15 at p. 4).

---

[2] The instant case was filed on November 18, 2021 (Dkt. #1).

## ANALYSIS

A district court has broad discretion regarding whether to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283–84 (5th Cir. 1982). The scope of permissible discovery is limited by the relevancy of the inquiry, although relevance is construed broadly in the context of discovery. *Id*. "A plaintiff seeking discovery on matters of personal jurisdiction is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *7 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F. 3d 841, 855 (5th Cir. 2000)).

SBIP argues that it has made a preliminary showing of jurisdiction and that the discovery sought will produce relevant information (Dkt. #11 at pp. 16–17). In response, VSH argues that SBIP's request for jurisdictional discovery should be denied because it is futile (Dkt. #15 at p. 9).

After a review of the pleadings, the Court determines that SBIP should be entitled to jurisdictional discovery. SBIP alleges that VSH has specific contacts with Texas because "VSH repeatedly holds itself out as conducting business in Texas and having employees that work or reside in Texas" (Dkt. #11 at p. 14). Moreover, SBIP points to tax records purportedly showing that VSH owns property in Denton, Texas, photos showing an eponymous store there, a webpage naming McKinney, Texas a VSH "Local Service Area," and VSH's Texas job postings as evidence of specific contacts with Texas (Dkt. #11 at pp. 14-15). Considering the factual allegations above, SBIP's assertion that VSH has sufficient contacts with the State of Texas is a "preliminary showing of jurisdiction," such that its jurisdictional allegation can be supplemented thought discovery. *See, e.g.*, *Fielding v. Hubery Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005).

Further, the discovery is likely to produce facts that are needed to withstand Defendant's Motion to Dismiss. *See Monkton Ins. Servs, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). SBIP represents it is seeking facts that will determine "whether the Court has personal jurisdiction over VSH, whether venue is proper in this District, and the parent/subsidiary relationship between VSH and [Vivint], Inc" (Dkt. #11 at p. 16), in addition to "whether VSH has the requisite contacts within this District or whether the contacts of Vivint, Inc. may be imputed to VSH under agency or alter ego principles" (Dkt. # 15 at p. 11).

According to SBIP, "[t]hus far, all [it] has to verify VSH's new contention that it is a holding company is the word of VSH's counsel and the uncorroborated and unsubstantiated conclusory statement in the declarations from VSH and Vivint, Inc. attached to VSH's Motion" (Dkt. #11 at p. 18). Considering the allegations in this case, the Court finds that this information is relevant to defeat Defendant's motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's request for jurisdictional discovery should be **GRANTED.**

Accordingly, it is **ORDERED** that:

1. Plaintiff has thirty (30) days to conduct jurisdictional discovery regarding Defendant's contacts with Texas.

2. Plaintiff then has fourteen (14) days from that date to file a supplemental brief.

3. Defendant will be given fourteen (14) days following the filing of Plaintiff's supplemental brief to respond to jurisdictional allegations.

**IT IS SO ORDERED.**

**SIGNED this 12th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE