# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP Holdings LLC, § § *Plaintiff*, § § v. § § Civil Action No. 4:21-CV-00912 § Judge Mazzant VIVINT SMART HOME, INC., § § *Defendant* § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED.**

### BACKGROUND

This case arises out of a patent dispute between Plaintiff SB IP Holdings LLC ("SB IP") and Defendant Vivint Smart Home, Inc. ("VSH"). SB IP's parent company is "in the business of providing leading video doorbell and wireless security solutions," and SB IP "owns the right to assert and seek damages on a number of patents related to entryway management . . . including inventions related to video doorbell technology" (Dkt. #1 ¶ 4). SB IP alleges VSH has infringed on SB IP's patents (Dkt. #1 ¶¶ 9, 27). On November 17, 2020, SB IP first filed suit against VSH in this district to enforce its patent rights, which case is currently pending before the Court.[1] In that case, VSH "admit[ted] that is subject to the personal jurisdiction of the Court" (Dkt. #34 ¶ 9) and declared that "[v]enue is proper in this district under 28 U.S.C. § 1400(b)" (Dkt. #34 ¶ 10).

---
[1] Case No. 4:20-cv-00886.

However, in the instant case, VSH filed a motion to dismiss, arguing that it is not subject to the Court's exercise of personal jurisdiction and that venue is improper (Dkt. #6 at p. 6).[2] Additionally, VSH averred in that motion that it is merely a holding company and, as such, "does not carry on any business activities other than holding ownership interests in other entities, [carrying] on absolutely no business in Texas" (Dkt. #6 at pp. 5–6). VSH also affirmed that, prior to its filing the instant suit, SB IP was on notice that VSH was the wrong entity and that Vivint, Inc. should have instead been named defendant (Dkt. #6 at p. 11).

On February 1, 2022, SB IP filed a response to VSH's motion to dismiss, requesting jurisdictional discovery (Dkt. #11).[3] That notwithstanding, on May 20, 2022, SB IP filed its Motion for Leave to Amend Complaint (Dkt. #23).[4] Specifically, SB IP "seeks leave of Court to add Vivint, Inc. as a named defendant, along with any additional allegations, including VSH's direction and control of Vivint, Inc." (Dkt. #23 at p. 6). SB IP argues that "[b]ased on VSH's latent disclosure of Vivint, Inc.'s involvement in this suit and SB IP's timely request to amend, leave should be freely granted" (Dkt. #23 at p. 14). On June 17, 2022, VSH filed its response in opposition, arguing that SB IP's motion should be denied because "SB IP's requested amendment is futile in light of the fact that SB IP's Amended Complaint against Vivint, Inc. is subject to dismissal under the first-to-file rule" (Dkt. #31 at p. 5). On June 24, 2022, SB IP filed its reply, asserting that "VSH's only basis for opposition to SB IP's Motion for Leave is its erroneous application of the first to file rule" (Dkt. #32 at p. 4). On July 1, 2022, VSH filed its sur-reply, maintaining the futility of SB IP's proposed amendment (Dkt. #33).

---

[2] The instant case was filed on November 18, 2021 (Dkt. #1).
[3] On July 12, 2022, the Court granted SB IP's request for jurisdictional discovery (Dkt. #34).
[4] SB IP filed the motion *sub judice* prior to the deadline to add parties (Dkt. #22).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

According to the Fifth Circuit, futility under Rule 15 means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund*, 594 F.3d at 387.

The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts

4

to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Because Plaintiff filed leave to amend before the deadline set forth in the Scheduling Order (Dkt. #22), the Court applies the Fifth Circuit's analysis under Rule 15(a). Defendant asserts only that factor five—futility of amendment—is at issue. The Court addresses this factor below.

**I.  Futility of Amendment**

The Court finds the amendment is not futile. As mentioned, futility under Rule 15 means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* The Court now summarizes the parties' arguments as to futility, which almost exclusively relate to the first-to-file rule.

In its motion, SB IP asserts, "[i]f VSH is correct and Vivint, Inc. is the party primarily responsible for the infringing activity in SB IP's Original Complaint, then Vivint, Inc. must be added to the lawsuit as a necessary party. Thus, amending to add Vivint, Inc. would be completely necessary" (Dkt. #23 at 18). As to why Vivint, Inc. was not originally named in this action, SB IP cites SB IP and VSH's first case in this Court. Specifically, SB IP alleges that the instant case implicates the same family of patents and the same Accused Products as that pending case and

avers that it named VSH as the sole defendant in the instant case "[b]ased on VSH's prior admission to jurisdiction and venue in [the first case], its repeated statements and stipulations that it was the party responsible for the importation/sale of the Accused Products, and its failure to say anything otherwise" (Dkt. #23 at p. 10). SB IP also claims the following factors favor granting its motion:

> Good cause exists for such an amendment based upon VSH's recent disclosure that Vivint, Inc. is the entity responsible for the infringing activity, VSH's sudden departure from its prior position that it is responsible for the design, importation, and sale of the accused products, the importance of the amendment, and the lack of prejudice such an amendment will cause. SB IP does not request leave to amend for any dilatory motive but so that justice may be done, and all proper parties are named in this suit.

(Dkt. #23 at p. 6). However, citing the first-to-file rule, VSH responds that SB IP's motion is futile and should be denied:

> Vivint, Inc. and SB IP are already litigating the enforceability and purported infringement of the SB IP Patents in the Central District of California, and have been since January 2022—four months before SB IP filed its Motion. Therefore, any attempt to recast SB IP's claims against VSH as claims against Vivint, Inc., coming months after Vivint, Inc. has already filed suit against SB IP in the Central District of California, would be subject to dismissal under the first-to-file rule.

(Dkt. #31 at pp. 3-4). To this, SB IP replies that "[t]he amendment SB IP seeks relates back to the filing date of [the instant] case, November 18, 2021, and predates Vivint, Inc.'s California action. Therefore, this Court is indisputably the first filed court and any attempt by VSH or Vivint, Inc. to state otherwise should be summarily dismissed" (Dkt. #32 at p. 2). Nevertheless, in its sur-reply, VSH maintains that the case in this Court cannot be considered the first filed, as "SB IP knowingly filed the instant lawsuit against the wrong entity, over which this Court lacks personal jurisdiction, and in a venue that is improper" (Dkt. # 33 at p. 4).

      Here, a question exists whether the proper party has been sued, and it is possible that VSH has engaged in a bait-and-switch tactic. Consequently, the Court exercises caution and warns that

6

it will not allow VSH or Vivint, Inc. to use the first-to-file rule both as a sword and a shield. Moreover, despite VSH's confidence in its freedom from personal jurisdiction in this action, any findings on that matter are contingent upon the outcome of the ongoing jurisdictional discovery.

Accordingly, the Court finds that Plaintiffs' motion for leave to amend is not futile. This factor favors granting leave to amend. For the foregoing reasons, the Court finds it should grant Plaintiff's leave to amend under Rule 15(a), which "evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d at 286.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. #23) is **GRANTED.**

The Amended Complaint (Dkt. #24) is deemed filed on the date of May 20, 2022 and will serve as the operative Complaint in this action.

**IT IS SO ORDERED.**

SIGNED this 14th day of July, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE