# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SB IP HOLDINGS, LLC, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:21-CV-00912 |
| v. § | Judge Mazzant |
| § | |
| VIVINT, INC., § | |
| § | |
| *Defendant.* § | |

## ORDER

Pending before the Court is Defendant's Motion to Stay in Light of Instituted IPRs (Dkt. #46). After reviewing the motion and the response, the Court finds that the motion should be **DENIED** without prejudice.

Plaintiff SB IP Holdings, LLC ("SB IP") alleges that Defendant Vivint, Inc. ("Vivint") has infringed six patents held by SB IP: United States Patents Nos. 7,193,644 (the "'644 patent"), 8,154,581 (the "'581 patent"), 8,144,184 (the "'184 patent"), 8,164,614 (the "'614 patent"), 8,139,098 (the "'098 patent"), and 8,144,183 (the "'183 patent") (collectively, the "Patents-in-Suit") (Dkt. #39). At present, the Patent Trial and Appeal Board ("PTAB") has instituted *inter partes* review ("IPR") of five of the six Patents-in-Suit.[1] Vivint's petition for IPR of the '644 patent remains pending before the PTAB. *Vivint, Inc. v. SB IP Holdings, LLC*, No. IPR2022-01449 (P.T.A.B) (the '644 patent). Vivint now asks the Court to stay this case in light of the instituted IPRs (Dkt. #46).

The district court has inherent power to control its own docket, including the power to stay

---

[1] Specifically, the PTAB has instituted IPRs of the '098 patent, the '183 patent, the '581 patent, the '184 patent, and the '614 patent. *Vivint, Inc. v. SB IP Holdings, LLC*, No. IPR2022-00810 (P.T.A.B) (the '098 patent); No. IPR2022-00814 (P.T.A.B) (the '183 patent); No. IPR2022-00812 (P.T.A.B) (the '581 patent); No. IPR2022-00811 (P.T.A.B) (the '184 patent); No. IPR2022-00813 (P.T.A.B) (the '614 patent).

proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In particular, the question of whether to stay proceedings pending IPR of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). That said, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *AR Design Innovations LLC v. Ashley Furniture Indus., Inc.*, No. 4:20-CV-392, 2021 WL 6496714, at *1 (E.D. Tex. Jan. 11, 2021) (internal quotations omitted).

When a motion to stay is filed before the PTAB institutes post-grant review, courts in this district typically refrain from ruling on the motion pending action by the PTAB or deny the motion without prejudice to refiling in the event that the PTAB institutes a proceeding. *NFC Tech.*, 2015 WL 1069111, at *2; *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for *inter partes* review, the courts have uniformly denied motions for a stay."). This is true even when the PTAB institutes post-grant review of some, but not all, of the patents-in-suit in a given case. *See, e.g.*, *Barkan Wireless IP Holdings, L.P. v. Samsung Elecs. Co., Ltd.*, No. 2:18-CV-00028, 2019 WL 8647996, at *2 (E.D. Tex. Mar. 15, 2019).

The PTAB has not yet instituted IPR of the '644 patent.  As a result, the Court finds that Vivint's motion is premature, and that a stay of these proceedings in advance of the PTAB's decision on whether to grant the outstanding petition for IPR should be denied at this time.

It is therefore **ORDERED** that Defendant's Motion to Stay in Light of Instituted IPRs (Dkt. #46) is hereby **DENIED** without prejudice to refiling of the same within fourteen (14) days of the PTAB's institution decision.

**IT IS SO ORDERED.**

SIGNED this 6th day of April, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE